UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 25-1420 PA (ACCVx) | Date | May 29, 2026 |
|---|---|---|---|
| Title | Joseph Carrillo v. Ford Motor Company | | |

Present: The Honorable    PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS - COURT ORDER

On March 31, 2026, the parties filed a Joint Notice of Settlement in which they stated that they have executed a Rule 68 Offer of Judgment. On April 1, 2026, pursuant to the acceptance of the Offer of Judgment, the Court vacated the pretrial conference scheduled for April 9, 2026, and the trial, scheduled to begin on May 5, 2026. The Court also set a deadline of May 15, 2026, for the parties to file a Motion for Attorneys' Fees. The May 15, 2026 deadline was consistent with the 45 days requested by the parties to either resolve the issue of attorneys' fees or for plaintiff to file a Motion for Attorneys' Fees. The parties did not file a Motion for Attorneys' Fees by the deadline. The Court therefore ordered the parties to show cause in writing why this action should not be dismissed.

The parties have filed their responses to the Court's May 18, 2026 Order to Show Cause. Defendant Ford Motor Company ("Defendant") states in its Response that dismissal is appropriate. Counsel for plaintiff Joseph Carrillo ("Plaintiff") states in Plaintiff's Response that a "calendaring error" is the reason they did not comply with the requirements of the Court's April 1, 2026 Minute Order setting a procedure and deadline for the filing of a Motion for Attorneys' Fees. As is clear from Plaintiff's Response, Plaintiff's counsel took no action to discuss with Defendant the issue of attorneys' fees as the parties had indicated they would do in their March 31, 2026 Joint Notice of Settlement until after the Court issued its Order to Show Cause following expiration of not only the deadline established by the Court but the 45 days the parties themselves requested.

Sadly, Plaintiff's counsel's failure to comply with the Court's April 1, 2026 Minute Order is not the first time in this litigation that counsel has failed to comply with the Court's Orders. The Court has twice admonished counsel about their litigation tactics, inattention to detail, and failure to comply with the Court's Orders. This conduct has twice caused the Court to warn counsel that their conduct could subject them to sanctions. On February 20, 2026, after the gamesmanship of counsel resulted in the filing of an unnecessary motion, the Court counseled counsel that their conduct was not acceptable:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 25-1420 PA (ACCVx) | Date | May 29, 2026 |
|---|---|---|---|
| Title | Joseph Carrillo v. Ford Motor Company | | |

> [Counsel's conduct] falls short of the type of professionalism the Court expects of counsel appearing before it, and the efforts the parties should take to avoid burdening the Court with unnecessary motion practice. . . .  Counsel are admonished that the failure to make a good faith effort to reach a resolution or the taking of unreasonable and intractable positions during the meet and confer process may result in the imposition of monetary sanctions.

(Docket No. 19.)  On March 23, 2026, after the parties did not submit all of the required pretrial documents, and some of those that were submitted did not comply with the Court's requirements, the Court warned the parties and counsel:

> The parties may not, as they have done too frequently in this action, pick which of the Court's orders and deadlines to follow and which to ignore.  Failure to comply with this Order, or the failure to file any required document in the format required by the Local Rules and the Civil Trial Scheduling Order may result in the imposition of sanctions, which could include evidentiary sanctions, claim preclusion sanctions, dismissal of the action, striking of the Answer and entry of default, or a monetary sanction.

(Docket No. 36.)  These warnings came just weeks before Plaintiff's counsel's failure to pursue attorneys' fees in compliance with the Court's April 1, 2026 Order or in any other manner.

A court may dismiss with prejudice an action or claim sua sponte if "the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b); see Link v. Wabash R.R. Co., 370 U.S. 626, 629–30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962) (dismissal for failure to prosecute); Yourish v. Cal. Amplifier, 191 F.3d 983, 987–88 (9th Cir. 1999) (dismissal for failure to comply with court order).  This inherent power supports the orderly and expeditious disposition of cases.  See Link, 370 U.S. at 629–30, 82 S. Ct. 1386, 1388–89, 8 L. Ed. 2d 734; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Yourish, 191 F.3d at 987–88.

In Henderson v. Duncan, the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions."  779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 25-1420 PA (ACCVx) | Date | May 29, 2026 |
|---|---|---|---|
| Title | Joseph Carrillo v. Ford Motor Company | | |

appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal."  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263).  Cases involving sua sponte dismissal merit special focus on the fifth Henderson factor.  Id.

Here, in assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by dismissal.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("The public's interest in expeditious resolution of litigation always favors dismissal." (quoting Yourish, 191 F.3d at 990)).  Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissing the action.  See id. ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants.").

The third Henderson factor at least marginally favors dismissal.  While "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal," see Pagtalunan, 291 F.3d at 642, unreasonable delay creates a presumption of prejudice, see In re Eisen, 31 F.3d 1447, 1452 (9th Cir. 1994); Moore v. Teflon Commc'ns Corp., 589 F.2d 959, 967–68 (9th Cir. 1978).  Here, as discussed above, Plaintiff's counsel's repeated failures to efficiently and expeditiously prosecute this action and comply with the deadlines established by the Court has prejudiced Defendant by increasing its litigation costs and delaying resolution of this action.

The fourth and fifth Henderson factors also favor dismissal.  Plaintiff has repeatedly failed to comply with the Court's Orders.  As a result of Plaintiff's prior violations of the Court's Orders, the Court adopted lesser sanctions of admonishments and warnings.  Despite those lesser sanctions, Plaintiff's counsel has continued to fail to comply with the Court's Orders.  Because the Court has repeatedly warned Plaintiff's counsel of the consequences of failing to comply with the Court's Orders, Plaintiff's counsel was on notice that the failure to adequately prosecute its claims and comply with the Court's Orders could result in sanctions up to and including the dismissal of this action.  Despite this notice, Plaintiff's counsel has again failed to comply with the Court's Order.  Additionally, the Court notes that refusing to allow Plaintiff additional time to file a Motion for Attorneys' Fees, and dismissing the action pursuant to the accepted Rule 68 offer, is a less drastic sanction than dismissal with prejudice.  The Court has therefore attempted and adopted less drastic sanctions.  See McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996); see also Henderson, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.").  Thus, the Henderson factors weigh in favor of dismissing the action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 25-1420 PA (ACCVx) | Date | May 29, 2026 |
|---|---|---|---|
| Title | Joseph Carrillo v. Ford Motor Company | | |

Accordingly, as a result of Plaintiff's counsel's repeated violations of the Court's Orders, the Court concludes that it will not further extend the deadline for Plaintiff to file a Motion for Attorneys' Fees.[1] The Court therefore dismisses this action as a result of, and subject to, the terms of the Rule 68 offer Plaintiff accepted. See Fed. R. Civ. P. 41(b); see also Yourish, 191 F.3d at 986–88; Ferdik, 963 F.2d at 1260. The Court will issue a Judgment consistent with this Order.

IT IS SO ORDERED.

---

[1] The Court additionally concludes that the Declaration filed by Plaintiff's counsel in support of Plaintiff's Response to the Order to Show Cause, with vague references to a "calendaring error" and the press of other business, does not establish "excusable neglect" for purposes of Rule 6(b)(1)(B)'s standard for extending a deadline after the time has expired.